IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

Joseph Eibert and Sarah Eibert,
individually, and on behalf of all others
similarly situated,

                Plaintiffs,

                v.

Jaburg & Wilk, P.C. and Stewart, Zlimen
& Jungers, Ltd.,

                Defendants.

Civil File No: 13-cv-00301 (MJD-AJB)

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

_____

This matter comes before the Court on the joint request of Plaintiffs and Defendant Jaburg & Wilk, P.C. ("Jaburg") for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

    1.    This Court has subject matter jurisdiction over this Action, which arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Court has personal jurisdiction over Plaintiffs, the Class Members and Jaburg;

2. The Court entered an order granting preliminary approval to the Class Action Settlement Agreement, finding that the Class meets the requirements of Federal Rule of Civil Procedure 23, and finding that the settlement terms are fair, reasonable and adequate. [Docket No. 35]

3. Pursuant to the Court's order and the Class Action Settlement Agreement, notice of the settlement was given to the Class as certified to in the submitted Affidavit of the Class Settlement Administrator;

4. The dissemination of the Class Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constitutes the best practicable notice to the Class under the circumstances and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

5. Only 4 of the approximately nine hundred members of the Settlement Class opted out of the Settlement Agreement. None of the members of the Settlement Class objected to the Settlement Agreement;

6. For the reasons stated in the Court's order granting preliminary approval to the Settlement, the Court concludes the Settlement Agreement is fair,

reasonable and adequate. The Class Members are receiving the maximum statutory damages recoverable under the FDCPA, and their recovery is not being reduced by the sums being paid to cover the cost of the Class Notice, the administration of the settlement, the payments to the class representatives and Class Counsel's attorneys' fees and costs.  The Court has also considered the strength of Plaintiffs' case, including the contents of the mailings at issue and the split of authority on the legal issues underlying the claims, see, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 581 n.3 (2010), as weighed against the settlement amount; the burden and expense of continued litigation, Jaburg's net worth, and the positive Class response to the settlement.

**THEREFORE, IT IS HEREBY ORDERED:**

A.   That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.   That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

C.   That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Action against Jaburg & Wilk, P.C. and finds that Plaintiffs

and each Class Member that has not excluded himself or herself (for themselves and their respective current and former heirs, executors, administrators, assigns, attorneys, and agents) hereby remise, release and forever discharge Jaburg & Wilk, P.C. and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents, and attorneys from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, that were brought or that could have been brought in the Complaint based on the mailing sent by Jaburg to the Class, an example of which is attached as Exhibit 1 to the Complaint.

  D. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and Judgment;

  E. That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

  F. That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the

Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant Jaburg & Wilk, P.C. for liability based upon the Released Claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 21, 2014          s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court